B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTIN JINRIGHT, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-0506-B |
| GENERAL ELECTRIC CAPITAL CORPORATION, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant General Electric Capital Corporation's Motion to Compel Resolution of Plaintiff's Claims Under Contractual Agreement and Stay Proceedings (doc. 5) (hereinafter, the "Motion"). Having considered the Motion, the Court is of the opinion that it should be and hereby is **GRANTED**.

I.

BACKGROUND

This case arises out of Plaintiff Justin Jinright's employment with Defendant General Electric Capital Corporation (hereinafter, "GECC"). Jinright was employed by GECC beginning on May 3, 2004. (Pl.'s First Am. Compl. ¶6.) As a condition of his employment, Jinright entered into an arbitration agreement pursuant to the Federal Arbitration Act (hereinafter, "FAA") providing for the resolution of employment-related disputes with GECC. (*Id.* ¶8.) This agreement, known as "Resolve", specifically covers claims of breach of contract, promissory estoppel, and violation of the Resolve procedures. (Def.'s App. in Supp. of Mot. 10-11.)

Jinright maintains that in 2008 he attempted to submit a claim relating to a sales commission dispute in accordance with the provisions of Resolve. (Pl.'s First Am. Compl. ¶¶ 15-27.) Instead of resolving his claim, Jinright contends that he was harassed and intimidated by his superiors in an effort to dissuade him from pursuing his claim or otherwise participating in Resolve. (*Id*.) Specifically, Jinright contends that Mike Harris, his immediate supervisor, continuously interrogated him regarding his commission claim, threatened and berated him for pursuing the claim, and insinuated that his position with GECC would be in danger if he persisted in his efforts to resolve the claim. (*Id.* ¶¶ 19-21.)

Resolve contains an anti-retaliation provision for employees who have submitted employment concerns through Resolve's dispute resolution procedures. It provides, in relevant part, that:

> Company employees at all levels are prohibited from retaliating against anyone for submitting a concern/claim to or otherwise participating in Resolve. Any concern that such retaliation has occurred must be reported promptly to the employee's manager, HR representative, or the Company Ombudsperson. Any employee who engages in retaliatory conduct will be subject to discipline up to and including discharge.

(Def.'s App. in Supp. of Mot. 15.)

In accordance with Resolve, Jinright reported Harris's retaliatory conduct to GECC's human resources department. (Pl.'s First Am. Compl. ¶¶ 23-24.) Despite his report, Jinright states that no disciplinary action was taken against Harris and the retaliatory conduct against him continued. (*Id.*) On January 28, 2009, Jinright was informed that his employment with GECC was being terminated. (*Id.* ¶ 34.) GECC explained that his position was being eliminated as a result of a workforce reduction. (*Id.*) Jinright maintains that this is a pretext and the underlying reason for his termination was retaliation for pursuing a claim through Resolve against GECC. (*Id.* ¶ 35.)

On February 5, 2010, Jinright filed this civil action against GECC in the 134th Judicial District Court of Dallas County, Texas. Jinright asserted causes of action for breach of contract and, in the alternative, promissory estoppel. He contends that GECC materially breached the anti-retaliation provision of Resolve by harassing him and ultimately terminating his employment in retaliation for pursuing his claim through Resolve. As a result of this breach, Jinright claims he has suffered damages, including lost wages and benefits.

GECC removed the state court action to this Court on the basis of diversity. Subsequently, it filed the instant Motion moving the Court to stay these proceedings and to compel Jinright to submit his claims to arbitration in accordance with Resolve. (Mot. to Compel 1.) Jinright opposes arbitration arguing that GECC's material breach of the anti-retaliation provision of the Resolve contract excuses him from his contractual obligation to submit to arbitration. The Motion being ripe, the Court now turns to the merits of its decision.

## II.

## ANALYSIS

*A. Legal Standards*

The Federal Arbitration Act only requires courts to submit disputes to arbitration if the parties have expressly agreed to do so. *AT&T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986). To determine whether the parties have agreed to arbitrate their claims, a court must ascertain: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Pers. Sec. & Safety Sys. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (quoting *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001)). Once the court finds that the parties

agreed to arbitrate the underlying dispute, it must resolve all ambiguities in favor of arbitration. *Banc One Acceptance Corp. v. Hill,* 367 F.3d 426, 429 (5th Cir. 2004).

Typically, challenges to agreements to arbitrate fall into two categories. One type of challenge attacks only the validity of the arbitration agreement itself, while the other type attacks the contract containing the arbitration clause as a whole on a ground that, if found valid, could undermine the entire agreement not just the arbitration provision. *Buckeye Check Cashing, Inc. v. Cardegna, et al.,* 546 U.S. 440, 445 (2006). Jinright's claim falls into the second category. He does not take issue with the validity of the agreement to arbitrate itself. Nor does he dispute that the parties are bound by the terms of Resolve or that the breach of contract and promissory estoppel claims at issue here are covered by Resolve. (Pl.'s Resp. 2, 9; Def.'s Mot. to Compel 2)(Def.'s App. in Supp. of Mot. 10-11.) Instead, the thrust of Jinright's opposition to arbitration is his claim that he is excused from his obligation to arbitrate under the Resolve contract, including its arbitration provision, because GECC materially breached the anti-retaliation provision of the Resolve agreement.

Federal courts may only "adjudicate challenges to the 'making and performance of the agreement to arbitrate,' not challenges to the enforceability of the contract as a whole." *Mun. Energy Agency of Miss. v. Big Rivers Elec. Corp.*, 804 F.2d 338, 342 (5th Cir. 1986). Once the court finds the existence of a valid agreement to arbitrate, the issue of the agreement's enforceability is to be considered by an arbitrator. *Buckeye Check Cashing, Inc.,* 546 U.S. at 445-46 (2006); *see also Pleasant v. Houston Works USA,* No. 06 -20824, 2007 WL 1648794, at *3 (5th Cir. June 7, 2007)(finding that it was for an arbitrator to decide whether the employment dispute resolution

program in which a valid arbitration clause was embedded was enforceable). Only if the arbitration clause is attacked independently from underlying contract in which it is contained, can the court decide the dispute; otherwise general attacks on the overall contract are for the arbitrator. *Will-Drill Res., Inc. v. Samson Res., Co.*, 352 F.3d 211, 218 (5th Cir. 2003)

   *B. Discussion*

Jinright's contention that GECC's breach of Resolve's anti-retaliation provision excuses his contractual obligation to submit his claim to arbitration defense does not bear upon the viability of arbitration clause. In other words, the crux of Jinright's claim is not an independent challenge to the arbitration provision but an attack on enforceability of the overall contract itself. As such, Jinright's allegations should be left to an arbitrator to decide. *See Buckeye Check Cashing, Inc*, 546 U.S. at 445-46; *Pleasant*, 2007 WL 1648794, at *3; *see also Will-Drill Res.*, 352 F.3d at 218 (finding that general attacks on the arbitration agreement should be left to the arbitrator).

Jinright relies heavily on *Hooters of America, Inc. v. Phillips*, 173 F.3d 933, 938 (4th Cir.1999), in which the Fourth Circuit rescinded an arbitration agreement after finding that a party "materially breached the arbitration agreement by promulgating rules so egregiously unfair as to constitute a complete default of its contractual obligation to draft arbitration rules and to do so in good faith." But the *Hooters* decision is neither binding nor persuasive for purposes of this analysis. Further, even if the Court were bound by *Hooters*, the Fourth Circuit clearly limited its holding to situations where the grounds for revocation relate specifically to the arbitration clause. *Id.* ("In this case, the challenge goes to the validity of the arbitration agreement itself."). By contrast, Jinright's argument for revocation centers on the alleged breach of the retaliation clause in Resolve. Therefore, the

Court finds *Hooters* inapposite and Jinright's argument without merit.

### III.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion to Compel (doc. 5) should be and hereby is **GRANTED.** Furthermore, the Court hereby **STAYS** this civil action pending the resolution of the arbitration proceedings. The parties are **ORDERED** to file joint written reports regarding the status of arbitration every **three (3) months**.

SO ORDERED.

DATED July 28, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE